# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.

KURT J. MYRIE, AKA Kurt James Myrie

        Defendant-Petitioner.

Case No.: 2:11-cv-00038-RCJ-PAL

**ORDER**

    Before the Court is Petitioner Kurt J. Myrie's Motion for Extension of Time to File Initial § 2255 (#1). This motion was incorrectly filed in the United States District Court for the Central District of California on December 16, 2010, and then transferred to this Court. For the reasons provided herein, this Court dismisses Petitioner's motion as moot.

## Background

    On December 21, 2007, Petitioner pled guilty to conspiracy to commit bank robbery, armed bank robbery, and brandishing a firearm during and in relation to a crime of violence, all arising in connection with a June 2006 robbery of Colonial Bank in Las Vegas, Nevada. (Superseding Criminal Indictment (CR #36); *see also* Ninth Cir. Op. (CR #180) at 2).[1] This Court sentenced Petitioner to 194 consecutive months of imprisonment pursuant to his guilty plea. (Judgment (CR #143) at 1-2).

    Petitioner appealed the aforementioned sentence to the Ninth Circuit Court of Appeals on May 2, 2008. (Notice of Appeal (CR #146)). The Ninth Circuit affirmed this Court's sentence on November 5, 2009. (Ninth Cir. Op. (CR #180) at 5-7). Petitioner did not appeal the Ninth Circuit's ruling to the U.S. Supreme Court. (Order (CR #195) at 3).

---

[1] The bulk of Petitioner's federal habeas corpus case is filed under case number 2:06-cr-00239-RCJ-PAL. This order will cite to docket entries in that case as "CR #__." However, when the United States District Court for the Central District of California transferred the pending motion to this Court, the motion was filed under case number 2:11-cv-00038-RCJ-PAL. This order will cite to docket entries in the transferred case as "# __."

While incarcerated at FCI Adelanto in Adelanto, California, Petitioner filed a Motion for Extension of Time to File Initial § 2255 Motion with the U.S. District Court for the Central District of California. (Mot. to Extend (#1) at 1-2). Specifically, he requested at least 90 days additional time to file a federal habeas petition under 28 U.S.C. § 2255. (*Id.* at 2). The California federal district court clerk docketed his motion on December 16, 2010. (*Id.* at 1, 7). On January 6, 2011, that Court transferred Petitioner's case to this Court for want of jurisdiction. (Transfer Order (#4) at 1-2).

On January 24, 2011, Petitioner filed a second motion to extend, this time with the appropriate federal court, this Court, requesting an additional 30 days to file his § 2255 Motion to Vacate because he had "just received his papers from his attorney." (Mot. to Extend (CR #185) at 1). Petitioner then filed a Motion to Vacate under § 2255 in this Court on August 9, 2011. (*See* Mot. to Vacate (CR #189)).

On July 11, 2012, this Court issued an order declining to rule on Petitioner's motion to extend and denying Petitioner's motion to vacate on its merits. (*See* Mot. to Extend (CR #185); *see also* Mot. to Vacate (CR #189); *see also* Order (CR #195) at 3, 19). The Court found that Petitioner's motion to vacate was due on February 3, 2011—one year after the Ninth Circuit's decision became final, for the purposes of 28 U.S.C. § 2255(f), on February 3, 2010. (Order (CR #195) at 5). Petitioner submitted his motion August 9, 2011, roughly six months past the deadline. (*Id.*; Mot. to Vacate (CR #189)).

While the Court generally dismisses untimely motions under § 2255, the Court found that Petitioner's motion for extension could have been considered based on the doctrine of equitable tolling. *See* 28 U.S.C. § 2255(f); *see also* (Order (CR #195) at 4). However, the Court held that "the issue of timeliness [was] ultimately moot because Petitioner's motion under § 2255 plainly [did] not entitle him to relief." (Order (CR #195) at 3). Further, the Court noted that there was no guiding precedent from the Ninth Circuit or the U.S. Supreme Court regarding the Court's discretion to extend the time for a petitioner to file a § 2255 motion. (*Id.* at 6).[2] In the order, the

---

[2] A notable exception exists in *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004), where the Court found that equitable tolling applies to § 2255 motions. However, in the July 2012 order, the Court found that equitable tolling was ultimately irrelevant because the issue of timeliness did not require resolution. (Order (CR #195) at 8).

Court cited persuasive precedent from the Second Circuit Court of Appeals suggesting that the Court lacked jurisdiction to consider Petitioner's motion to extend because the claim did not present a valid case or controversy, pursuant to Article III of the U.S. Constitution. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000); *see also* (Order (CR #195) at 6). The Court also noted that while Rule 6 of the Federal Rules of Civil Procedure and Rule 45 of the Federal Rules of Criminal Procedure both empowered this Court to grant an extension of time to file a motion in some circumstances,[3] the extension in Petitioner's case could very well have been inconsistent with Congress's imposition of strict time limitations on § 2255 filings. *See* 28 U.S.C. § 2255(f) (establishing time restrictions for § 2255 motions); *see also* (Order (CR #195) at 7). Thus, this Court ultimately declined to address the previous motion to extend because both statutory and case law were unclear as to whether the Court had the power to grant such motions, and because the Court found that it did not need to address the request for an extension because Petitioner's motion to vacate did not entitle him to relief. (*See* Order (CR #195) at 7-8, 10, 19; *see also* Mot. to Extend (CR #185); *see also* Mot. to Vacate (CR #189)).

## Discussion

The case before the Court involves a request for extension that has been adjudicated by this Court in its July 2012 order, though the present motion was filed in a different court and remained filed under a different docket number. (*Compare* Mot. to Extend (CR #185), *with* Mot. to Extend (#1) at 1-2). Thus, this Court applies the same rationale here as it did in its July 2012 order, which declined to rule on the original motion to extend and denied Petitioner's motion to vacate on its merits. (Order (CR #195) at 19). The outstanding motion for extension at issue is moot because there is no possibility that an extension could provide Petitioner relief on a claim that has already been denied. *See id.*; *see also* (Mot. To Extend (#1) at 1-2)).

A motion to vacate under § 2255 must be filed in the district of conviction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000); (Transfer Order (#4) at 2). If the court in which a civil action is filed finds a want of jurisdiction, then the court shall transfer such action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. §

---

[3] Fed. R. Civ. P. 6(b); Fed. R. Crim. P. 45(b).

1631.  A petition for review of administrative action—such as a habeas claim—falls into this category.  *Id*.  In the event of transfer, the action shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in the incorrect court.  *Id.*

Here, Petitioner was convicted in this Court.  (Judgment (CR #143) at 1-2).[4]  Therefore, although Petitioner was incarcerated in California, he erred pursuant to *Hernandez* in filing the first motion for extension with the U.S. District Court for the District of California.  (Mot. to Extend (#1) at 1-2).  When that court transferred the case to this Court for appropriate disposition, this Court did not enter the motion into case number 2:06-cr-00239-RCJ-PAL.  (Transfer Order (#4) at 1-2).  Instead, the transferred motion remained filed under a separate case number, and became an outstanding docket.  (*Compare* Mot. to Extend (CR #185), *with* Mot. to Extend (#1) at 1-2).

When Petitioner filed a second motion to extend in this Court—the correct jurisdiction— this Court reviewed that second motion, filed under case number 2:06-cr-00239-RCJ-PAL.  (Mot. to Extend (CR #185)).  In its July 2012 order, this Court declined to rule on that motion because the issue of timeliness was moot in light of the denied motion to vacate.  (Order (CR #195) at 9, 19).  Therefore, this Court finds that it already has adjudicated Petitioner's request for an extension of time to file his § 2255 in its prior July 2012 order.  (Order (CR #195) at 19).  As such, the Court denies the transferred motion seeking an extension of time as moot in light of this Court's prior order discussing Petitioner's other request for an extension of time.

///
///
///
///
///
///
///

---

[4] Case No. 2:06-cr-00239-RCJ-PAL

**Conclusion**

IT IS ORDERED that Petitioner's Motion for Extension of Time to File Initial § 2255 (#1) is DISMISSED as MOOT.

DATED this 30th day of July, 2013.

_____
UNITED STATES DISTRIC JUDGE